UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 07-1525(DSD/SRN)

Yuan Sun,

        Plaintiff,

v.                                            **ORDER**

Michael Chertoff, Secretary
of U.S. Department of Homeland
Security, Emilio T. Gonzalez,
Director of U.S. Citizenship
and Immigration Services,
Gregory W. Christian, Acting
Director of USCIS Nebraska
Service Center, Robert S. Mueller
III, Director of Federal Bureau
of Investigation,

        Defendants.


    Yuan Sun, 10978 Ashley Lane, Woodbury, MN 55129, pro se.

    Robyn A. Millenacker, Assistant U.S. Attorney, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, counsel for defendants.


This matter is before the court on defendants' motion to dismiss. After a review of the file, record and proceedings herein, and for the following reasons, defendants' motion is denied.


## BACKGROUND

Plaintiff Yuan Sun ("Sun") seeks to compel federal defendants to complete her security check and adjudicate her adjustment of status application. Sun is a native and citizen of the Peoples'

Republic of China.  She arrived in the United States in August 1998 as a graduate student.  After earning her Ph.D. in finance, Sun joined the faculty at the University of Wisconsin, River Falls, ("UWSF") in August 2003.  On August 19, 2004, UWSF submitted an I-140 immigrant visa petition on Sun's behalf that was approved on May 31, 2005.  Also on August 19, 2004, Sun filed an I-485 application for adjustment of status with the Nebraska Service Center of the United States Citizenship and Immigration Services ("USCIS") to become a permanent resident of the United States.  In conjunction with that application, Sun provided fingerprints for a security check on December 21, 2004, and February 10, 2006.  The Federal Bureau of Investigation ("FBI") received Sun's name from USCIS for a name check on September 2, 2004.  After receiving no decision on her application, Sun sought the assistance of her congressman and senator in August and December of 2006 respectively to no avail.  Sun also received information pursuant to a Freedom of Information - Privacy Act request that indicated the FBI had no records pertaining to her.  As of September 7, 2007, the date of the hearing on this motion, Sun's name check was still pending.

On March 13, 2007, Sun filed the present action pro se against the federal defendants seeking a writ of mandamus and injunctive relief compelling the USCIS to adjudicate her application pursuant to the Mandamus Act, 28 U.S.C. § 2201, the All Writs Act, 28 U.S.C. § 1651, the Declaratory Judgment Act, 28 U.S.C. § 2201 and the

2

Administrative Procedures Act ("APA"), 5 U.S.C. § 551 et seq.  On June 11, 2007, defendants moved to dismiss plaintiff's suit for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), or alternatively, for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

**DISCUSSION**

**I. Subject Matter Jurisdiction**

"Dismissal for lack of subject matter jurisdiction will not be granted lightly.  Dismissal is proper, however, when a facial attack on a complaint's alleged basis for subject matter jurisdiction shows there is no basis for jurisdiction." Wheeler v. St. Louis Sw. Ry. Co., 90 F.3d 327, 329 (8th Cir. 1996).  When a party moves to dismiss an action for lack of subject matter jurisdiction under Rule 12(b)(1), the court may consider matters extrinsic to the allegations in the complaint without converting the proceedings to a Rule 56 summary judgment action because the court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." Osborn v. United States, 918 F.2d 724, 729-30 (8th Cir. 1990) (internal quotations omitted).

**A. The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA)**

Sun filed her I-485 application pursuant to 8 U.S.C. § 1255. Defendants argue that a provision of the IIRIRA, 8 U.S.C. § 1252(a)(2)(B)(ii), divests the court of jurisdiction in this

case. Sun disagrees and maintains that judicial review of the pace of adjudication of her application is not a discretionary decision or action under the IIRIRA.

Section 1252(a)(2)(B)(ii) provides in relevant part that no court has jurisdiction to review "any other decision or action of ... the Secretary of Homeland Security the authority for which is specified under this subchapter[1] to be in the discretion of ... the Secretary of Homeland Security."[2]  The Eighth Circuit has not addressed the specific meaning of "discretion" under this section.[3] The Fifth Circuit, however, properly stated that:

> [o]ne might mistakenly read § 1252(a)(2)(B)(ii) as stripping us of the authority to review any discretionary immigration decisions. That reading, however, is incorrect, because § 1252(a)(2)(B)(ii) strips us only of jurisdiction to review discretionary authority *specified in the statute*. The statutory language is uncharacteristically pellucid on this score; it does not allude generally to 'discretionary

---

[1] The relevant subchapter is II of Chapter 12 of Title 8, which includes 8 U.S.C. §§ 1151-1378 and their implementing regulations.  See Onyinkawa v. Ashcroft, 376 F.3d 797, 799 (8th Cir. 2004).

[2] USCIS is part of the Department of Homeland Security.  The court will refer to USCIS instead of the Department of Homeland Security throughout its analysis.

[3] The Eighth Circuit has held that language in an implementing regulation stating "an immigration judge may grant a continuance for good cause shown" is discretionary under this section. Onyinkawa, 376 F.3d at 799.  Without analysis, however, the court simply stated that "[t]his language has long been held to confer discretion upon an [immigration judge] to grant or deny a continuance." Id.

4

>       authority' or to 'discretionary authority
>       exercised *under this statute*,' but
>       specifically to 'authority for which is
>       *specified under this subchapter* to be in the
>       discretion of the [Secretary of Homeland
>       Security.]'

Zhao v. Gonzales, 404 F.3d 295, 303 (5th Cir. 2005)(emphasis in original).

Section 1255(a) provides that the status of certain aliens:

>       may be adjusted by the Attorney General,[4] in
>       his discretion and under such regulations as
>       he may prescribe, to that of an alien lawfully
>       admitted for permanent residence if (1) the
>       alien makes an application for such
>       adjustment, (2) the alien is eligible to
>       receive an immigrant visa and is admissible to
>       the United States for permanent residence, and
>       (3) an immigrant visa is immediately available
>       to him at the time his application is filed.

This statutory language indicates that USCIS's ultimate adjustment of status decision is discretionary. Section 1255 and its implementing regulations, however, are silent as to the pace of adjudication of an I-485 application. See 8 C.F.R. § 245.2. They neither establish a specific time frame for adjudication nor explicitly commit the pace of adjudication to the discretion of USCIS. The plain terms of § 1252(a)(2)(B)(ii) require that a decision or action committed to the discretion of USCIS be "specified under" § 1255 or its implementing regulations. Because § 1255 specifies no such discretion with regard to the pace of

---

[4] The Attorney General's authority under this section has been transferred to the Secretary of Homeland Security and the USCIS. See 6 U.S.C. § 271(b).

5

adjudication of I-485 applications, § 1252 does not strip the court of jurisdiction.[5]  See United States v. Cacioppo, 460 F.3d 1012, 1016 (8th Cir. 2006)("It is well established that we commence any statutory interpretation with the statute's plain language.  Where the language is plain, we need inquire no further.").

**B.   The Mandamus Act and the APA**

Although federal jurisdiction is not affirmatively precluded by § 1252(a)(2)(B)(ii), the court requires subject matter jurisdiction to proceed.  Sun argues that the court has subject matter jurisdiction based on 28 U.S.C. § 1331, the APA and the Mandamus Act.[6]

Federal district courts have "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  28 U.S.C. § 1361.  "The remedy of mandamus is a drastic one, to be invoked only in extraordinary circumstances."  Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976).

---

[5] There is a deep split among district courts regarding this precise issue.  See, e.g., Narra v. Gonzalez, No. 4:06CV3289, 2007 U.S. Dist LEXIS 48725, at *4-7 (D. Neb. July 3, 2007)(listing a sampling of cases on both sides of the issue).  The court is convinced, however, that a proper reading of the statute does not divest it of jurisdiction.

[6] Sun also asserts that the court has jurisdiction based on the Fifth Amendment to the United States Constitution, the Immigration and Nationality Act, the All Writs Act and the Declaratory Judgment Act.  Because the court concludes that it has subject matter jurisdiction pursuant to the APA and the Mandamus Act, it need not address these alternative bases for jurisdiction.

Therefore, a writ of mandamus is appropriate only where "(1) the petitioner can establish a clear and indisputable right to the relief sought, (2) the defendant has a nondiscretionary duty to honor that right, and (3) the petitioner has no other adequate remedy." Castillo v. Ridge, 445 F.3d 1057, 1060-61 (8th Cir. 2006) (citations omitted).

Title 28, section 1331 of the U.S. Code provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." The APA requires that an agency conclude a matter presented to it "in a reasonable time," and authorizes a court to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. §§ 555(b), 706(1). The APA's judicial review provisions, however, do not apply to agency action that is "committed to agency discretion by law." 5 U.S.C. § 701(a)(2).[7]

Defendants argue that Sun has no clear, indisputable and nondiscretionary right to the adjudication of her application in a

---

[7] In cases asserting unreasonable delay by the USCIS in processing adjustment of status applications, many courts have noted that analysis of jurisdiction and relief under the Mandamus Act and the APA is coextensive. See Bondarenko v. Chertoff, 07-mc-00002, 2007 U.S. Dist. LEXIS 67143, at *32 (W.D.N.Y. Sept. 11, 2007)(gathering recent cases); see also Yu v. Brown, 36 F. Supp. 2d 922, 928 (D.N.M. 1999)("[I]n evaluating claims of unreasonable agency delay which seek either mandamus or a mandatory injunction under the APA, or both, ... the same principles and standards [apply] both to determine jurisdiction over the claim and to assess the merits of the claim."). The court agrees. Therefore, there is no need for a separate analysis under the Mandamus Act and the APA.

7

reasonable time.  The court disagrees.  Specifically, the court joins a growing number of district courts in concluding that the USCIS has a duty to adjudicate adjustment of status applications once they have been submitted and that the APA requires the applications to be adjudicated in a reasonable time.  See, e.g., Pool v. Gonzales, Civ. No. 07-258, 2007 U.S. Dist. LEXIS 39946, at *8 (D.N.J. June 1, 2007); Hoyoung Song v. Kapakas, Civ. No. 06-05589, 2007 U.S. Dist. LEXIS 27203, at *13-14 (E.D. Pa. Apr. 12, 2007); Haidari v. Frazier, Civ. No. 06-3215, 2006 U.S. Dist. LEXIS 89177, at *10-11 (D. Minn. Dec. 8, 2006).

Title 8, section 1255 of the U.S. Code provides that an applicant's status "may be adjusted by the Attorney General, in his discretion ... to that of an alien lawfully admitted for permanent residence."  This language only refers to the ultimate decision of whether to grant permanent residence status.  It does not provide that the USCIS can choose not to adjudicate Sun's application.  The court is convinced that the USCIS cannot.  Rather, once an adjustment of status application is before the USCIS, the agency has an affirmative, non-discretionary duty to process that application.  Moreover, although § 1255 and its implementing regulations do not provide for a time frame within which the USCIS must adjudicate I-485 applications, the APA requires that the applications be processed in a reasonable time.  See 5 U.S.C. § 555(b).  Therefore, Sun has a clear, indisputable and

nondiscretionary right to an adjudication of her application within a reasonable time.

Defendants also argue that Sun's remedy is "to wait her turn in line with all other similarly-situated aliens who wish to have green cards but are awaiting completion of their background checks." This, however, is no remedy at all. The injury that Sun complains of is that she has been required to wait too long already. It would be disingenuous to now conclude that because she could simply wait longer the court does not have jurisdiction. Rather, the court is convinced that Sun has exhausted her alternative remedies. She has contacted her elected representatives for assistance, prodded the USCIS and the FBI and has gone so far as to conduct a background investigation of herself through the Freedom of Information - Privacy Act. Although the court is not reaching the merits of Sun's claim, it is apparent that she does not have another adequate remedy. Accordingly, the court has subject matter jurisdiction under the APA and the Mandamus Act.

**II.   Failure to State a Claim**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the court will dismiss a complaint for failing to state a claim upon which relief may be granted if, after taking all facts alleged in the complaint as true, it appears beyond doubt that the plaintiff cannot prove any set of facts that would entitle her to relief.

9

Alpharma, Inc. v. Pennfield Oil Co., 411 F.3d 934, 937 (8th Cir. 2005). Dismissal under Rule 12(b)(6) is warranted "in the unusual case in which a plaintiff includes allegations that show, on the face of the complaint, that there is some insuperable bar to relief." Strand v. Diversified Collection Serv., Inc., 380 F.3d 316, 317 (8th Cir. 2004).[8]

Defendants' arguments under Rule 12(b)(6) fail to the extent that they parallel their arguments against the court's subject matter jurisdiction under the Mandamus Act and the APA. Defendants, however, further argue that the delay in adjudicating Sun's application is reasonable as a matter of law.

In assessing reasonableness of agency delay, a court is guided by the six factors articulated in Telecommunications Research & Action Center v. FCC, 750 F.2d 70, 80 (D.C. Cir. 1984):

1. The time agencies take to make decisions must be governed by a rule of reason.
2. Where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason.
3. Delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake.
4. The court should consider the effect of expediting delayed action on agency activities of a higher or competing priority.

---

[8] Although defendants have submitted documents outside of the pleadings, the court has not considered them and will therefore not convert defendants' motion to one for summary judgment. See Fed. R. Civ. P. 12(b)(6); Blair v. Willis, 420 F.3d 823, 826 (8th Cir. 2005).

>    5.   The court should also take into account the nature and extent of the interests prejudiced by delay.
>    6.   The court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

Id. (citations and quotations omitted).  Also relevant is the source of the agency's delay.  See Singh v. Still, 470 F. Supp. 2d 1064, 1069 (N.D. Cal. 2007).  For example, a court will consider "the complexity of the investigation as well as the extent to which [plaintiff] participated in delaying the proceedings."  Id. (citations omitted).

Without information specific to Sun's application, the court cannot determine whether the delay in adjudication is reasonable or unreasonable as a matter of law.  Rather, "[w]hat constitutes an unreasonable delay in the context of immigration applications depends to a great extent on the facts of a particular case."  Yu v. Brown, 36 F. Supp. 2d 922, 935 (D.N.M. 1999); see also Saleh v. Ridge, 367 F. Supp. 2d 508, 512 (S.D.N.Y. 2005).  Thus, before the court will determine whether the more than three-year delay in this case is reasonable, it needs information specific to the adjudication of Sun's application and to the delay in her FBI name check.  General information indicating that the FBI's name check system is backed up, although relevant, will not alone suffice to establish reasonableness.

Therefore, for the above stated reasons, Sun has properly stated a claim upon which relief may be granted.

**CONCLUSION**

Accordingly, based upon the file, record and proceedings herein, and for the reasons stated, **IT IS HEREBY ORDERED** that:

1. Defendants' motion to dismiss [Doc. No. 12] is denied.

2. Defendants shall provide to the court and plaintiff within 60 days evidence specific to plaintiff's application showing that the delay in processing her name check and adjudicating her application is reasonable.

3. Defendants shall, within 15 days after providing the court and plaintiff with the evidence described in the preceding paragraph, move for summary judgment on the reasonableness issue, and the parties shall submit briefs pursuant to Local Rule 7.1(b).

Dated:  October 1, 2007

s/David S. Doty  
David S. Doty, Judge  
United States District Court
